IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

**TURNER CONSTRUCTION COMPANY,**

    **Plaintiff,**

v.

**WESTERN SURETY COMPANY,**

    **Defendant.**

**COMPLAINT FOR DAMAGES**

COMES NOW, the Plaintiff, Turner Construction Company ("Turner"), by and through undersigned counsel, and files this Complaint against Western Surety Company ("Western Surety"), and in support thereof, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Turner is a New York corporation with its principal place of business in New York, New York. At all relevant times, Turner has been properly licensed and duly authorized to conduct business in the State of Tennessee.

2. Western Surety is a South Dakota corporation with its principal place of business in Chicago, Illinois. Western Surety is in the business of, among other things, issuing bonds guaranteeing the performance of a contractor's contractual obligations on a construction project.

3. Jurisdiction in the United States District Court is proper pursuant to 28 U.S.C. § 1332 because Turner seeks from Western Surety a sum in excess of $75,000, exclusive of interest and costs, and because the matter in controversy is between citizens of different States.

4. Venue is proper in the United States District Court for the Western District of

Tennessee pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the State of Tennessee.

**FACTUAL BACKGROUND**

5. On or about August 9, 2021, Turner, as general contractor, entered into a general contract (the "Contract") with FedEx, as owner, for the design and construction of a new operations container staging lot, the design and construction of three (3) new aircraft gates, the design and construction of a new LEED certified facility maintenance building, the design and construction of a new LEED certified fire station, and the design and construction of a new LEED certified aircraft line maintenance building, among other things (the "Project").

6. On or about November 4, 2021, Turner entered into a subcontract with VuCon, whereby VuCon agreed to provide "all the work, labor, services, materials, plant, equipment, tools, scaffolds, appliances and other things necessary" for certain demolition, earthwork, and utility work on the Project in accordance with the Plans, Specifications, General Conditions, Special Conditions, Addenda, and General Contract (hereinafter, the "Subcontract," "Work" and "Contract Documents"). A true and correct copy of the Subcontract is attached hereto as Exhibit A and incorporated herein by reference.

7. The Subcontract required VuCon to provide surety bonds in connection with its Work and expressly provided Turner with the right to recover from VuCon and its surety all costs, expenses and legal fees resulting from, among other things, VuCon's failure of performance of its subcontractual obligations.

8. On or about December 15, 2021, Western Surety, as surety, issued Performance Bond No. 30135228 on behalf of VuCon, as principal, in the penal sum of Six Million Twenty-Nine Thousand Three Hundred Sixty-Four Dollars ($6,029,364.00), whereby VuCon and Western

Surety jointly and severally bound themselves to Turner, as obligee, to promptly and faithfully perform all obligations of the Subcontract (the "Bond"). A true and correct copy of the Bond is attached hereto as Exhibit B and incorporated herein by reference.

9. The Bond expressly incorporates by reference and makes the Subcontract a part thereof. See Exhibit. B.

10. The Bond further provided that upon Turner's declaration of VuCon's default under the Subcontract, Western Surety was obligated to, among other things, promptly and faithfully (1) complete the Subcontract in accordance with its terms and conditions, or (2) make available funds sufficient to pay Turner the cost of completion, not exceeding the penal sum. See Exhibit B at ¶ 1-2.

11. VuCon defaulted under the Subcontract, *inter alia*, by: delaying, disrupting, hindering, and interfering with the progress of the Work; refusing and neglecting to supply a sufficiency of skilled workers; refusing and neglecting to supply materials of proper quality.

12. On or about October 27, 2023, Turner sent written notice of default to VuCon and Western Surety, further providing VuCon with its three-day notice of Turner's intent to pursue its contractual rights and remedies as a result thereof, including termination of VuCon from the Project. A true and correct copy of Turner's October 27, 2023 Notice of Default is attached hereto as Exhibit C and incorporated herein by reference.

13. On or about November 21, 2023, Turner sent written notice to VuCon and Western Surety that it was terminating VuCon from the Project effective immediately as a result of its defaults under the Subcontract. A true and correct copy of Turner's November 21, 2023 Notice of Termination is attached hereto as Exhibit D and incorporated herein by reference.

14. Per the terms and conditions of the Bond, Western Surety was obligated to, among

other things, "request information from [Turner] in connection with the default" within "**ten (10) days**" of the Notice of Default. See Exhibit B.

15. "**Within an additional thirty (30) days**," Western Surety was further obligated to "provide a response to [Turner] with regard to how it intends to promptly cure [VuCon's] default." See Exhibit B.

16. Despite receiving written notice of both the October 27, 2023 Default Notice and the November 11, 2023 Termination Notice, Western Surety failed and/or refused to communicate with Turner or request any information regarding the default, as required per the express terms and conditions of the Bond.

17. On or about May 23, 2024, Turner, by and through counsel, made another written demand to Western Surety demanding that it fulfill its obligations under the Bond, including demanding a response to Turner's October 27, 2023 Notice of Default. A true and correct copy of the May 23, 2024 correspondence is attached hereto as Exhibit E and incorporated herein by reference.

18. To date, however, despite Turner's repeated written demands, Western Surety has failed and/or refused to promptly and faithfully fulfill its obligations under the Bond, including but not limited to, failing to respond to or communicate with Turner whatsoever, failing to request additional information or investigate VuCon's defaults, and failing to remedy VuCon's defaults, thereby causing Turner to suffer significant additional costs, expenses and legal fees to overcome VuCon's and Western Surety's defaults.

19. Turner has satisfied all conditions precedent to filing this Complaint.

## COUNT I
## BREACH OF CONTRACT

20. Turner incorporates the allegations set forth in paragraphs 1 through 19 of this

Complaint as though fully stated herein.

21. Under the Bond, Western Surety obligated itself to, among other things, promptly and faithfully step in and perform the Subcontract Work upon Turner's declaration of VuCon's default under the Subcontract and to compensate Turner for all costs, damages, expenses and legal fees that Turner suffered as a result of VuCon's Subcontract default.

22. Turner declared VuCon in default of the Subcontract, ultimately terminated VuCon, and demanded that Western Surety fulfill its obligations under the Bond as a result thereto.

23. Despite repeated written demand and Turner's satisfaction of all conditions precedent, Western Surety has failed and/or refused to fulfill its obligations in material breach of the Bond.

24. As a direct and proximate cause of VuCon's default of the Subcontract and Western Surety's breach of the Bond, Turner has suffered damages of at least $75,000, exclusive of interest and costs, for which Western Surety is liable.

WHEREFORE, PREMISES CONSIDERED, Turner Construction Company respectfully requests that the Court enter judgment in its favor and against Western Surety Company, and award it money damages in an exact amount to be proven at trial, but in excess of $75,000, plus pre-judgment and post- judgment interest, attorneys' fees and costs, and such other relief both general and specific, to which Turner Construction Company may be entitled.

Respectfully submitted,

/s/ Regan S. Steepleton
Joseph T. Getz          BPR No. 10964
Regan S. Steepleton     BPR No. 36933
Evans Petree PC
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 525-6781
jgetz@evanspetree.com
rsteepleton@evanspetree.com
Attorneys for Turner Construction Company